ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 23 PM 12:57

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CYNTHIA VILLINES,<br>Plaintiff | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:13-cv-00304-A |
| | § | |
| KROGER TEXAS, L.P.,<br>Defendant | §<br>§ | JURY DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT KIEL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Cynthia Villines, hereby respectfully requests, that the Court deny Defendant's Motion to Strike Plaintiff's Vocational Rehabilitation Expert Jeffrey T. Kiel, because Defendant had full knowledge of Mr. Kiel along with his expert report, prior to the expert deadline set by this Court.

### I.
### CASE SUMMARY

1. Plaintiff was injured on June 21, 2011, when she tripped over a work dolly and fell to the ground. Plaintiff suffered severe and disabling injuries to her knee and other portions of her body, mental and physical functioning and disfigurement, for which Plaintiff required extensive medical treatment.

2. The Expert Report deadline was June 20, 2014.

3. The Discovery Deadline was July 14, 2014.

4. Trial of this matter is scheduled for the week of September 8, 2014.

5. On June 11, 2014 (9 days) before the expert deadline, the parties mediated the above

matter. At the mediation, Plaintiff produced the Expert Report of her vocational rehabilitation expert Jeff Kiel to Defendant Kroger.

6. The parties did not settle the matter at mediation; however, the parties found out information at mediation that they believed would require more discovery.

7. After mediation, the parties filed for a Motion for Continuance. It was during this time that the expert deadline passed.

8. Plaintiff incorrectly believed that the Motion for Continuance would be granted, and therefore did not send out her updated Initial Disclosures with the proper designation of her vocational expert Mr. Jeff Kiel, nor did Plaintiff disclose the amount of compensation paid to Mr. Keil, which was inadvertent.

9. On June 24, 2014 the Court denied the parties Motion for Continuance.

10. On June 30, 2014, Plaintiff received a supplemental report from her expert, which was immediately sent to Defendant.

11. On July 9, 2014, Plaintiff sent her Amended Initial Disclosures, which included Jeff Kiel's name and address and referenced the expert report that was produced at mediation on June 11, 2014, prior to the expert deadline. The Disclosures were timely served.

12. Defendant filed its Motion to Strike based on its allegation that it would be prejudiced if the Court allowed Plaintiff's vocational expert to testify.

## II.
## Arguments and Authorities

### A. Defendant is not Prejudiced or Unfairly Surprised by Keil's Designation

13. The disclosure of testing experts is accomplished by furnishing the information about

the experts, including identifying the expert and providing a written report of a retained testifying expert. *See* FRCP 26(a)(2)(A)-(C). The written report provided to Defendant prior to the expert deadline included everything required under Rule FRCP 26, except for the compensation paid to the expert. At the time the report was provided, Plaintiff had not received the invoice reflecting the expert's services.

14. Defendant had all of the information required to be provided about a retained testyfing expert by the expert deadline, as it was provided in the report given on June 11, 2014. There was no unfair surprise or prejudice to Defendant, as they had all the information and the expert report by the expert deadline.

15. A party must supplement an expert report by the time the party's pretrial disclosures are due, which is normally at least 30 days before trial. FRCP 26(e)(2). Plaintiff served its supplemental expert report on June 30, 2014, and also attached it to Plaintiff's Supplemental Initial Disclosures served on July 9, 2014. Plaintiff produced its supplemental expert report in compliance with FRCP 26.

### B. Expert Jeff Kiel's Qualifications Have Not Been Sufficiently Called Into Question

16. Defendant Kroger asks this Court to Strike Mr. Kiel's testimony based on what appears to be lack of qualification to testify as an expert under FRE 702.

17. Full gatekeeper proceedings are not required because this is an "ordinary" case where the reliability of an expert's methods can be property taken for granted and the expert's reliability has not been "called sufficiently into question." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149-52 (1999). Mr. Kiel's Expert Report meets the requirements of FRE 702. His qualifications, education, experience, and methods used to test his opinions

have been detailed and explained in his report. Plaintiff does not have to prove her expert's opinions are correct, *Tanner v. Westbrook*, 174 F.3d 542, 547 (5th Cir.1999).

18. Jeff Kiel is clearly qualified and his opinions are most definitely reliable. Just because he is not an economist, he has the ability to testify as to Ms. Villines vocational history, her lack of ability to work currently, and how that calculates into lost wages. This is exactly the type of expert that can testify as to her inability to work after the accident.

19. Mr. Kiel's opinions show the reasoning and methodology used, and how they apply to the facts, and can assist the trier of fact in resolving the dispute. Neither Plaintiff nor Defendant is qualified to testify as to how Plaintiff's inability to work coupled with her disability rating translates into lost wages. Mr. Kiel does not need to be an economist to translate lost wages into present value, and the jury will be informed that it is a calculation. However, all of the information leading to this calculation is imperative and can only be testified to by a vocational expert.

### III.

### Conclusion and Prayer

20. Kroger's Motion to Strike does not demonstrate that it will be prejudiced by Plaintiff's designation of Jeff Kiel, nor does it sufficiently call Mr. Kiel's reliability sufficiently into question.

21. Defendant had all of Jeff Kiel's information and opinions prior to the expert deadline, and therefore cannot tell this Court that it is prejudiced by his designation.

22. Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike Plaintiff's Expert Designation of Jeff Kiel.

Respectfully submitted,

_Julie Wolf_
Julie Wolf
Attorney-in-charge
State Bar No. 24051542
jwolf@modjarrad.com
**MODJARRAD | ABUSAAD | SAID**
212 West Spring Valley Road
Richardson, Texas 75081
972-789-1664
972-789-1665 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on July 22, 2014:

_Julie Wolf_
Julie Wolf